is the court. My name is Tom Rice. I'm an assistant United States attorney representing the United States of America from the Eastern District of Washington. I'd like to reserve two minutes for the following. This case involves the career offender guidelines of the United States sentencing guidelines. It involves a conviction of the defendant, Noble Kelly, for possession with intent to distribute crack cocaine, 21 grams. The defendant had various convictions, eight convictions, two of which, or three of which are relevant. It's the government's contention that the defendant was a career offender, having been convicted of at least two prior crimes of violence or serious drug offenses. Those convictions involved a drive-by shooting, a conspiracy to distribute controlled substance. The court determined that those two convictions were consolidated for sentencing purposes and resulted in a finding that one of those qualified as a crime of violence under the U.S. Constitution. It was the government's contention that the tempting to allude conviction was also a crime of violence. The district court found that that did not present a crime of violence under the definition of the guidelines and that is the government's appeal here. Attempting to allude, under the Washington statute, is the willful and wanton disregard for… And property or property of others. Counsel, aren't those the problematic words or property? Yes, they are. The defense has argued that because of the words in the statute or property, that it falls outside the reach of the definition of crime of violence. The definition of crime of violence, on the other hand, under the sentencing guidelines 4B, 1.2A, only covers conduct that, under the otherwise clause, covers conduct by its nature presented a serious potential for injury to another. So it doesn't have the property aspect to the definition. Unlike the case of Campos Fuerte, Campos Fuerte cited in the government's brief, it's an illegal alien case. It used a different crime of violence definition under section 16 of… Counsel, what case authority are you relying upon to support your argument that the or property language does not defeat your claim or your argument? Well, the analysis of… There is no case directly on point under this statute. The or property, the attempting to allude statute in the State of Washington has not been interpreted by this court or… Anything analogous that has a property component to it that you're relying upon to support your argument? Well, there are cases. For instance, a drive-by shooting itself, shooting at an occupied or an unoccupied building, obviously presents a risk of… The difference with that is that people are normally inside a dwelling point. So that was the hook for that. Well, there's been various panels of this court that have applied it to even unoccupied buildings. But Your Honor is correct that there is a potential risk. And that's the analysis that the government hangs its hat on in this case, is the definition itself of the crime of violence. And that is merely a potential risk for injury to another. Or to another's property. Well, the statute doesn't cover just another's property. It covers another's person, too. And by dissecting the statute, the attempting to allude statute, to its illogical conclusion that you could be driving a motor vehicle in a willful and wanton manner while being pursued, active pursuit by a police officer with his lights flashing, by definition presents a risk of pedestrians… I forget whether or not the statute, just looking at the statute, is so broad that it covers actions that are not within kind of the common law rubric of damage to persons. Well, there's two analyses there. One is a statute on its face. A categorical. A categorical approach. And the other is the modified categorical approach. Which one are you relying upon, either or both? Either. So you're saying… Excuse me, both. So you're saying under the categorical approach, the statute is not so broad that it covers actions that do not constitute a threat of violence? Is that what you're saying? That is the argument. Because you can't drive a motor vehicle on the streets while being pursued by a policeman and only risk injury to property. It's only the risk here. It's a potential risk. Well, but… And the potential risk is the pedestrians, motorists, and the police officer pursuing. That's not necessarily so. If we're, for example, on a fairly deserted road in the middle of the night in eastern Washington, there may be serious risk to property. But I'm not sure there's risk to other people. Well, you say that it's deserted. But who's to say that that's deserted? It's the potential risk. A farmer, children walking their dog, and the police officer pursuing. We have a requisite police officer that must be in active pursuit. So there naturally are always persons involved. It's just like the drive-by shooting. The building's unoccupied. But who's to say that a homeless person didn't light in the building that evening and a drive-by shooting risks that? But there's a qualifier that says serious potential risk. It doesn't mean just any risk. Isn't that right? That serious potential risk is in there? Serious potential risk. Yeah. It's the government's contention that it's the willful and wanton conduct here rises to the level of a serious potential risk. Well, the willful and the wanton strikes me as I'm willfully and wantonly trying to get away from the police officer. No, there's two aspects to the statute. There is a willfulness there in the sense that you have to know that you're being pursued by a police officer. That's the first half of the statute or the first few phrases. But the willful and wantonness is actually a willful and wanton disregard. Yes, I'm sorry. I'm with you. But there's an or, or property. Exactly. So willful disregard for property is enough. Yes, but it's the government's contention that's illogical to dissect the statute that way. Why is that illogical when the word or is there? That is to say it says wanton, indicating a wanton or willful disregard for the lives or property. Okay. Willful or wanton disregard for the lives, willful or wanton disregard for the property, either one of which will suffice to provide a conviction under this statute. Correct. Yeah. Correct. That's a decision by the State of Washington's legislature, and we're applying a federal sentencing guideline to that. Of course. A prosecutor in Washington could file it only on the property choice. Isn't that true? That would be something for the State of Washington. Yes. But what we're doing is looking at it after the fact and determining. But the statute permits either to be sufficient to get a conviction. I think that is correct.  It included both in this case. But you don't look at the facts of a particular case to determine whether or not under the categorical approach the statute encompasses additional conduct. You just look at the wording of the statute. Isn't that true? And the charging document. Not under the categorical approach. Under the modified categorical approach, we can look at the charging document, but not under the categorical approach. It's the government's position that you can look at both, and our argument is both under categorical as well as the modified categorical approach this statute applies. Is it your argument that under the categorical approach you can look at the charging document? No, Your Honor. What I meant to say is that if it doesn't meet the definition under the categorical approach, you can take that second step. Well, you're just into your two minutes. Why don't you sit down, and then you'll have some time to respond. Okay. Good morning, Your Honors. My name is Kimberly Dieter. I'm with the Federal Defender's Office, and I represent the appellee, Mr. Kelly. Can you hear me all right? Yes. Just speak up. Thank you. Thank you. As indicated in the briefing and some of the questioning of the Assistant United States Attorney, it's apparent that this case turns on the issue of whether or not the crime of attempting to elude under the Washington statute is a crime of violence as defined under the sentencing guidelines for the career offender enhancement. It is our contention, certainly, that it does not meet the requirements. First of all, in determining whether or not it's a crime of violence, as the Court has pointed out, we go to the categorical approach. Under the categorical approach, we simply look to the fact of conviction and the statute itself. Does the definition – is the definition met by the statute? In this case, it is not, because an individual can be convicted under the statute for conduct which does not constitute crime of violence, as the Court has pointed out. An individual could be convicted for violating the statute simply by putting property at risk, which is not under the definition of crime of violence for the career offender definition. In Sandoval, Vegas, the Court stated that it is not sufficient to establish that circumstances surrounding the offense might have allowed a conviction. Rather, we look to the documentation to show whether the defendant was found guilty on each necessary element by a find or a factor in the plea. And I've jumped into the modified categorical approach. Once we look at the categorical approach and find that it hasn't met the definition, the Supreme Court in Taylor has indicated that in a narrow range of cases, the courts may look to judicially noticeable facts to determine whether or not the conviction meets the criteria. The burden is on the government to establish clearly and unequivocally that the conviction was based on all elements of the qualifying predicate. If the facts would allow the defendant to be convicted of an offense other than that defined as the qualifying offense, it cannot be used to enhance the defendant's sentence, as in this case. The documents must meet a rigorous standard. And that's, again, if we go into the modified categorical approach. There is question on whether or not the modified categorical approach analysis is even appropriate in this case, as indicated in other opinions by this circuit, specifically the Winner case, the Fish case, and the Parker case, that in this circuit we have not used the modified categorical approach when examining, when examining whether or not the crime charge falls within the catch-all clause of the definition, which in this case it doesn't. Attempting to allude is not delineated specifically in the definition, but rather the government is asserting it meets the definition under the catch-all phrase or the catch-all clause. Now, is that right? I think I've got this right, that the statute under which he was convicted, the Washington State statute, has been amended. It has. One of the things I'm trying to figure out is whether this question is likely to arise with any frequency and whether, depending on whether, independent of whether we agree with you or with your adversary, whether it's worth having an opinion. I think it is, because the definition changed the wording, willful and wanton, basically to reckless. This Court in the Campos-Fuerte opinion discussed whether the state of mind of reckless is sufficient in a crime of violence analysis that was under the aggravated felony definition. And the Ninth Circuit found that the state of mind of recklessness is at least sufficient to begin the analysis to determine whether or not a crime falls under the definition of crime of violence. So I think if this Court were to make a decision today on the statute as it applied to Mr. Kelly in 1998, there wouldn't be much of a difference if it applied, if the statute, if one were to apply any ruling to the present-day definition under the Washington statute. Has amended of the statute still apply to all treaty conduct? Yes, it does. Property or yes, it does, Your Honor. I have a copy of it here, if the Court is interested in hearing the relevant portion. That part, I mean, we'll decide the case in front of us. This is only a question of whether or not it's worth an opinion to do something. Yes, Your Honor. Under the statute, in sum, attempting to elude under the Washington statute does not meet the definition of crime of violence pursuant to the United States sentencing guidelines under the definition under the offender guidelines for several reasons. The first, it does not even meet the definition under the categorical approach because the statute is overbroad. It punishes conduct for damage to property, which is beyond the definition in the guidelines. Secondly, the modified categorical approach, even if it were applicable, and we would argue that under precedent in the circuit, it's not applicable to the catch-all clause to any conduct or convictions that would fall under the catch-all clause, because Taylor did say, and Parker reasserts, that the categorical approach is only to be used in a narrow range of cases. And to use the modified categorical approach for the catch-all phrase is to expand it beyond what its intention was. Frankly, under the government's analysis, jaywalking could be construed as potentially dangerous to other individuals. If you were to jump out in the middle of the street and a car were to come, you would cause the car to swerve. I mean, the analysis could go on and on and on into the ridiculous. And I think the point of the offender statute is to enhance the penalty for people who have been convicted of very serious crimes of violence. Again, although it is not stated in the circuit, it doesn't have to be an intentional crime of violence. And a reckless standard is possible, although there are some cases where even with a reckless state of mind, such as reckless endangerment, the circuit has found that that does not qualify as a crime of violence. Ginsburg. So if we were to apply the modified categorical approach, why would you think that this crime doesn't fit within that rubric? For several different reasons. The Court is confined to judicially noticeable facts. And what we have in the excerpt of record and what was given to the Court by the government to rely on in determining whether this is so was the statement of guilty plea by the defendant, the judgment and sentence, and an affidavit by an arresting officer. There's no indication here whether or not the Court took notice of the facts in the affidavit by the officer in deciding to accept Mr. Kelly's guilty plea in this case. What we have is an Alford plea by Mr. Kelly, who basically admits guilt to the offense solely for the benefit of the bargain, and under, I believe it's North Carolina, the Alford Supreme Court State of the Supreme Court opinion, where one is able to plead guilty, even if one disagrees that one is guilty, if there's an admission that it's possible they could be found guilty if the case were to proceed further and they want to accept the bargain. But Mr. Kelly's statement in the – in his guilty plea says, on August 18th, 1998, I failed to stop for a police vehicle who signaled me to stop and was speeding while doing so. I stopped my vehicle as soon as I saw the police, but I'm pleading guilty to get the plea. So there is nothing here that would tell us what the Court relied upon or they did rely upon, facts and circumstances, which would show Mr. Kelly showed a wanton and willful disregard for the lives or the safety of others when accepting the guilty plea. As such, it doesn't even meet the modified categorical approach. Therefore, Your Honors, we would ask that you affirm the district court's decision and find that the attempting to elude is not a crime of violence pursuant to the career offender definition. Roberts. Okay. Thank you very much. You've got a little time to respond. Yes. Thank you. I have about four points on response. First, counsel has cited Parker and Fish for the proposition that the modified categorical approach cannot be used on the otherwise clause. Parker and Fish do not stand for that. Fish specifically says we are merely skeptical. But Fish then proceeded to apply the modified categorical approach to the otherwise clause of the crime of violence. Subsequent to briefing in this case, U.S. v. Matthews, another panel of this case, 374 F. 3rd 872 at 880, applied the modified categorical approach to the otherwise clause. The second point is the question whether this dispute is likely to recur. I suggest that dozens of people have this conviction under this statute. This statute was modified. The words person or property were taken out of this statute. They don't exist anymore. But there's even a related case, U.S. v. Fisher, out of the Eastern District of Washington, still pending. So the short answer is the bar would be benefited if there were a ruling on this question that's in our opinion. Very much so. It recurs all the time. The third point was that this statute was amended. The fourth point is that an Alford plea, it's been argued that it was an Alford plea so that we have no facts. Well, an Alford plea to a murder charge is still a crime of a conviction for a violent crime whether or not the defendant admits the crime. That's because murder is categorically a crime of violence. Correct. But you see my point. You can't just start arguing that, well, the defendant didn't agree. For this purpose, an Alford plea is the equivalent of any plea that simply says, I plead guilty, and there's no elaboration by the defendant of what he did. Correct. Thank you very much. Counsel, before you leave, could you briefly address opposing counsel's remarks regarding why this case does not fall within the modified categorical approach, why there are not enough documents in the record to substantiate the modified categorical analysis of this case? It's the government's contention that there are enough documents. The information itself, the judgment, the plea, the recitation of the elements by the prosecutor in the plea document, as well as the defendant's conduct admitting that he was speeding while being pursued by a police vehicle, but then later puts in there that I don't admit that conduct. Specifically in those documents reflect a serious risk of harm to people, to another. It's that aspect. It's the potential risk. It's what we're hanging our hat on. The potential risk. We do not have to identify a victim or a person that was standing on the street. Right. But I'm just saying, what in those documents, you know, the court relied upon to, in your view, event a serious risk of harm to another? What specific languages are there? Was it just the wording of the statute? What was there? There is, to answer your question, there is no transcript of that plea hearing. What we have is the charging document and the defendant's plea to it with the entire statute. It doesn't, for instance, it doesn't just charge a risk to property. It charges both. Thank you very much. Thank you both for your helpful arguments. The case of United States v. Kelly is now submitted for decision. The next case on the argument calendar is Miller.
judges: Alarcon, W. Fletcher, Rawlinson